UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


ZICHICHI                                      CIVIL ACTION

VERSUS                                        NO: 07-2774

JEFFERSON AMBULATORY SURGERY                  SECTION: "R"(5)
CENTER, L.L.C. ET AL.


                           ORDER AND REASONS

    Before the Court is plaintiff's motion for new trial or rehearing.  The Court has considered the motion as a motion for reconsideration pursuant to Rule 59 of this Court's Order and Reasons granting in part and denying in part defendants' motion to dismiss. (R. Doc. 36).  For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motion.


I.   BACKGROUND

    Plaintiff, Dr. Zichichi, was a founding member of and initial investor in the Jefferson Ambulatory Surgery Center, LLC ("JASC").  In February of 2007, plaintiff filed a petition for

preliminary and permanent injunctive relief against the JASC in state court. The state court denied plaintiff's motion for injunctive relief on April 10, 2007, on the grounds that plaintiff had not shown irreparable harm because his damages could be measured by pecuniary standards. Plaintiff then filed a motion for a new trial. On May 3, 2007, plaintiff filed the current action for damages in federal court, additionally naming as defendants Dr. Carriere, the managing member of JASC, and Larry Verges, the administrator of JASC.

On November 7, 2007, this Court granted in part and denied in part defendants' motion to dismiss for improper venue. The Court dismissed without prejudice the majority of the claims in the federal action after finding that they are subject to the JASC forum selection clause. The Court held that plaintiff's state law defamation claim was his only claim not subject to the forum selection clause. The Court then stayed plaintiff's defamation claim pending the resolution of the state court litigation.

On November 21, 2007, plaintiff filed a motion for reconsideration. Defendants' opposition to plaintiff's motion for reconsideration advised the Court for the first time that plaintiff's state court action was dismissed on October 5, 2007. Accordingly, the Court ordered the parties to advise it of any

litigation pending in state court related to this matter. The parties responded that plaintiff had filed a petition for damages against the same defendants in state court on January 23, 2008. Plaintiff has not yet served the defendants in the state court action.

**II. ANALYSIS**

In his motion for reconsideration, plaintiff contends for the first time that (1) defendant Verges is not subject to the forum selection clause in the JASC operating agreement; and (2) the forum selection clause is inapplicable to plaintiff's tort claims against defendant Carriere in his individual capacity. Plaintiff further contends that the Court should not have stayed his defamation claim after dismissing the rest of plaintiff's claims for improper venue.

The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quotation omitted).

The Court already found that plaintiff's claims against both Mr. Verges and Dr. Carriere, except the defamation claim, arise under and are governed by the JASC forum selection clause.  Mr. Verges is the administrator of the JASC and Dr. Carrier is its managing member.  The Court examined the substance of plaintiff's claims and found that they were dependent on the terms and provisions of the operating agreement.  Accordingly, the Court does not find it significant that Verges is not a member of the JASC.  Further, the Court finds plaintiff's attempt to parse his claims against Dr. Carrier to separate those brought against him in his individual capacity meritless.  The Court therefore denies plaintiff's motion to reconsider the dismissal without prejudice of these claims.

Plaintiff also contends that the Court erred in staying the remaining defamation claim, as there was no parallel state court action.  As the parties have provided the Court with new information about the state court actions, the Court re-considers its previous *Colorado River* analysis and finds that abstention is not warranted in this case.  The Court first finds that the federal and state court proceedings are no longer parallel, as the defamation claim is the only remaining claim in federal court.  Although all of the parties are named in the state and federal cases, the state action involves more issues. *See Diamond*

*Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002) (finding that suits are parallel when they "involve the same parties and the same issues") (internal quotation omitted). Even if the federal and state court cases were completely parallel, the Court finds that the *Colorado River* factors do not favor abstention. Under *Colorado River*, the Court should consider six factors in deciding whether exceptional circumstances exist that permit the court to decline jurisdiction until parallel state court proceedings are finished: (1) the assumption by either court of jurisdiction over a *res*, (2) the relative inconvenience of the forums, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

The first two factors support the Court's exercise of federal jurisdiction. *Stewart*, 438 F.3d at 492 (when neither court has assumed jurisdiction over any *res* in the case and when both courts are in the same geographic location, the first two factors support the court's exercise of federal jurisdiction).

5

The third factor is the avoidance of piecemeal litigation. The federal and state actions involve the same parties, and share one common claim. To the extent that the defamation claim will be dealt with in both the state and federal lawsuits, the litigation at issue is merely duplicative, not piecemeal. *See id.* "The prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988) (citing *Colo. River*, 424 U.S. at 817). Accordingly, this factor weighs against abstention. *See Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 651 (5th Cir. 2000).

The fourth factor is the order in which jurisdiction is obtained. The Supreme Court has stated that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983). Here, plaintiff filed the federal court action approximately eight months before filing the state court action. No discovery has taken place in federal court or state court, although the defendants have not been served in the state court action. As neither proceeding has progressed very far, the Court finds that this factor weighs against abstention. *See Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738-39 (5th Cir. 1999)

(finding that where the state and federal suits are proceeding at approximately the same pace, this factor weighs against abstention).

The fifth factor is whether and to what extent federal law provides the rules of decision on the merits. This action is governed by Louisiana tort law. The mere fact that no federal law issue exists does not, alone, weigh in favor of abstention. *Evanston*, 844 F.2d at 1193. The presence of exclusively state law issues "weighs in favor of surrender only in rare circumstances." *Id.* Here, the issues of state law are basic tort questions, and the defendants have made no showing of any exceptional circumstances that call for abstention in this matter. Therefore, this factor is at most neutral. *See Black Sea*, 204 F.3d at 651.

The final factor, the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction, "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston*, 844 F.2d at 1193. Both the federal action and the state lawsuit are governed by state tort law. Plaintiffs will have adequate protection in state court. As such, this factor is neutral.

The Court finds that four of the *Colorado River* factors weigh against abstention, while two are neutral. No factor

supports staying the federal court action.  Accordingly, the Court will not stay the federal court defamation claim at this time.

**IV.  CONCLUSION**

For the foregoing reasons, plaintiff's motion for reconsideration is GRANTED IN PART and DENIED IN PART.  Plaintiff may proceed in this Court with its defamation claim.

New Orleans, Louisiana, this __2nd__ day of April, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT